IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MATTHEW CHANCEY, FAIR COURTS AMERICA, and RESTORATION PAC<br><br>Plaintiffs,<br><br>v.<br><br>THE ILLINOIS STATE BOARD OF ELECTIONS; IAN LINNABARY, *in his official capacity as Chair of the Illinois State Board of Elections*; CASANDRA B. WATSON, WILLIAM J. CADIGAN, LAURA K. DONAHUE, TONYA L. GENOVESE, CATHERINE S. MCCRORY; WILLIAM M. MCGUFFAGE, *and* RICK S. TERVEN, SR., *in their official capacities as members of the Illinois State Board of Elections*; KWAME RAOUL, *in his official capacity as Illinois Attorney General*,<br><br>Defendants. | Case No. 22-04043<br><br>Honorable John J. Tharp, Jr.<br><br><br>**Joint Initial Status Report** |

## INTRODUCTION

Plaintiffs, John Matthew Chancey, Fair Courts America, and Restoration PAC, and Defendants Illinois Attorney General Kwame Raoul, and Members of the Illinois State Elections Board, submit this Joint Initial Status Report pursuant to this Court's order of August 16, 2022. *See* Dkt. 9.

1

**1. The Nature of the Case:**

    **A.  Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

The parties are represented as follows:

For Plaintiffs John Matthew Chancey, Fair Courts America, and Restoration PAC,

the attorneys are:

    Jeffrey M. Schwab, *Lead Attorney*
    Senior Attorney
    Reilly Stephens
    Staff Attorney
    Liberty Justice Center
    440 N. Wells Street, Suite 200
    Chicago, Illinois 60654
    Phone: 312-637-2280
    Fax: 312-263-7702
    jschwab@libertyjusticecenter.org

For Defendants, the attorneys are:

    Erin Walsh
    Marci L. Sahinoglu
    Assistant Attorneys General
    Office of the Illinois Attorney General
    100 W. Randolph Street, 13th Floor
    Chicago, Illinois 60601
    (312) 814-6122
    erin.walsh@ilag.gov
    marci.sahinoglu@ilag.gov

    **B.  Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

The Plaintiffs in this case challenge two recently enacted provisions of the Illinois

Election Code: 10 ILCS 5/9-8.5(b-5)(1)(B), which prohibits "out-of-state person[s]"

from contributing to judicial candidates in Illinois, and 10 ILCS 5/9-8.5(b-5)(1.2), which places a cap of $500,000 on donations to independent expenditure groups that support judicial candidates in Illinois. Plaintiffs contend that each of these provisions violate their right to speech, protected by the First Amendment.

**C.  Briefly identify the major legal and factual issues in the case.**

The major legal issue is whether 10 ILCS 5/9-8.5(b-5)(1)(B) and 10 ILCS 5/9-8.5(b-5)(1.2) fail or survive First Amendment scrutiny. Plaintiffs are not currently aware of any significant factual disputes in this case, and expect this case would be appropriate for summary judgment.

**D.  State the relief sought by any of the parties.**

Plaintiffs ask this court to enjoin enforcement of 10 ILCS 5/9-8.5(b-5)(1)(B) and 10 ILCS 5/9-8.5(b-5)(1.2) because they assert that both statutes violate the First Amendment.

**2. Jurisdiction:**

**A.  Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiffs claim federal jurisdiction pursuant to 42 U.S.C. § 1983, U.S.C. § 133 and 28 U.S.C. § 1343, as their claims arise out of the First Amendment to the United States Constitution.

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

N/A

## 3. Status of Service: Identify any defendants that have not been served.

All Defendants were timely served, and no Defendant claims that service was improper.

## 4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.

Plaintiffs are aware they may proceed before a Magistrate Judge. There is not unanimous consent to do so.

## 5. Motions:

**A. Briefly describe any pending motions.**

Plaintiffs have filed a pending Motion for Preliminary Injunction. ECF No. 4. Defendant Raoul has filed a Motion to Dismiss. ECF No. 11. The Illinois State Board of Elections and individual Board Member defendants have filed an Agreed Motion seeking (1) to dismiss Illinois State Board of Elections, and (2) for leave for the Board Members to be excused from filing an answer and from further active participation in the case. ECF No. 15.

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendant Raoul has filed a Motion to Dismiss.  ECF No. 11.

**NOTE 3: If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.**

**6. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**

No settlement discussions have occurred.

**B. Describe the status of any settlement discussions; and**

N/A

**C. Whether the parties request a settlement conference.**

As this case is a constitutional challenge to the State of Illinois' campaign finance regulations, seeking only injunctive relief, the parties do not expect that a settlement conference would be a productive endeavor.

**NOTE 4: Do NOT provide the particulars of any demands/offers that have been made.**

**Proposed Case Management Schedule under Fed. R. Civ. P. 16 and 26(f)**

**1.	Rule 26(a)(1) Disclosures**

The parties propose to complete the Rule 26(a)(1) disclosures by September 16, 2022.

2.      **Proposed Discovery Plan (Fed. R. Civ. P. 26(f)(3))**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

The parties propose to complete the Rule 26(a)(1) disclosures by September 16, 2022.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties contemplate that as the issues in this case are related to the constitutionality of state law, discovery may not be needed, or only limited discovery may be necessary. The parties leave open the possibility of coming to an agreed statement of facts for the purpose of cross-motions for summary judgment.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties agree that, to the extent that discovery is necessary, they will exchange discovery in electronic format.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties do not anticipate the necessity of any protective order at this time, but to the extent that privilege is raised and/or either party raises a request for a

protective order, the parties agree to discuss these issues and attempt to resolve any such disputes.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None at this time.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None.

## 3. Time to join other parties

The deadline to join any other party shall be within 14 days after this Court rules on Defendant Attorney General's Motion to Dismiss.

## 4. Deadline to amend the pleadings.

The deadline to amend the pleadings shall be within 14 days after this Court rules on Defendant Attorney General's Motion to Dismiss.

## 5. Discovery deadlines

### a. Time to issue written discovery

The parties shall issue written discovery requests within 30 days after this Court rules on Defendant Attorney General's Motion to Dismiss. In the alternative, should the parties agree to move forward on cross-motions for summary judgment without discovery and with an agreed statement of facts, the parties shall set forth

an agreed statement of facts within 30 days after this Court rules on Defendant Attorney General's Motion to Dismiss.

**b. Close of fact discovery**

If necessary, the close of fact discovery shall be 4 months after the Court rules on Defendant Attorney General's Motion to Dismiss.

**c. Expert discovery**

If necessary, the plaintiffs' expert disclosures shall be due 1 month after the closing of written discovery and defendants' expert disclosures shall be due 1 month after plaintiffs' expert disclosures are served.

**6. Time to file motions for summary judgment**

Dispositive motions shall be due 30 days after the close of expert discovery, and if none, then 30 days after the close of fact discovery. In the alternative, should the parties agree to proceed on cross-motions for summary judgment without discovery, then the parties shall file cross-summary judgment motions within 30 days of filing the agreed statement of facts. In order to avoid repetitive briefing, the parties propose the following briefing schedule:

Plaintiffs' motion for summary judgment: 30 days after the close of discovery or the parties' filing of the agreed statement of facts

Defendants' combined response to Plaintiffs' motion and cross-motion for summary judgment: 30 days after Plaintiffs' motion for summary judgment

Plaintiffs' combined reply in support of their motion and response to Defendants' motion: 30 days after Defendants' combined response/motion

Defendants' reply in support of their motion for summary judgment: 30 days after Plaintiffs' combined reply/response

## 7. Time needed for trial

Should this case proceed to trial, the parties anticipate that trial would last no longer than 2 days.

Respectfully submitted,

/s/ Jeffrey M. Schwab
Jeffrey M. Schwab
Reilly Stephens
Liberty Justice Center
440 N. Wells Street, Suite 200
Chicago, Illinois 60654
312-637-2280
jschwab@libertyjusticecenter.org
rstephens@libertyjusticecenter.org

*Counsel for Plaintiffs*

/s/ Erin Walsh
Erin Walsh
Marci L. Sahinoglu
Assistant Attorneys General
Office of the Illinois Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6122
erin.walsh@ilag.gov
marci.sahinoglu@ilag.gov

*Counsel for Defendants*